[S. F. No. 10211. In Bank.—January 23, 1923.]

VIOLA HAYES, as Administratrix, etc., Appellant, v.
H. O. BREEDEN et al., Respondents.

[1] DEED OF TRUST — DELIVERY — SUFFICIENCY OF EVIDENCE.—In this
action by the administratrix of an estate of a deceased person to
quiet title against the defendants, who claimed under a lost and
unrecorded deed by the deceased to them as trustees, the direction
of the grantor to keep the deed for the grantees, made in their
presence, with the subsequent declaration contained in a certificate

---

1. Delivery of deed to third person or record by grantor, as a
delivery to the grantee, notes, 54 L. R. A. 865; 9 L. R. A. (N. S.)
224; 38 L. R. A. (N. S.) 941.

signed by the grantor showing her intention that the deed should be effective in connection with other testimony was amply sufficient to justify the finding that the deed was delivered with the intention of vesting title.

[2] ID. — JUDGMENT — OWNERSHIP IN FEE — APPEAL BY OTHER THAN BENEFICIARY—EFFECT OF.—The judgment in favor of the defendants in such action will not be reversed because of the declaration therein of the defendants' ownership of the property in fee, whereas under the deed they were trustees and were required to dispose of the property and to distribute the proceeds to the beneficiaries, where the appellant was not a beneficiary.

APPEAL from a judgment of the Superior Court of Fresno County. J. E. Woolley, Judge. Affirmed.

The facts are stated in the opinion of the court.

Everts, Ewing & Wild and J. R. Fitch for Appellant.

Strother P. Walton and Ray C. Wakefield for Respondents.

WILBUR, C. J.—This is an action by the administratrix of the estate of Laura J. Craycroft, deceased, to quiet title against the defendants, who claim under a lost and unrecorded deed by the deceased to the defendants. The court rendered judgment for the defendants and the plaintiff appeals.

[1] The question raised on appeal is whether or not this deed was delivered. The deed reserved the income of the property to the grantor for life and provided that upon her death the property should be sold by the defendants and the proceeds distributed to certain charitable and religious institutions and to certain private beneficiaries. The deed was prepared by M. K. Harris, an attorney at law, at the instance of the deceased; was executed and acknowledged June 11, 1917, in the presence of the grantees, whereupon the deceased said to M. K. Harris, in their presence: "Judge Harris, you keep the deed for the trustees and put it in your safe," to which Judge Harris replied: "All right." Thereafter, on February 13, 1918, the decedent signed a certificate promising to pay ten thousand dollars to the Men and Millions Movement. This certificate contains the following statement: "This certifies that I have provided

in a deed of trust under H. O. Breeden and W. W. Congdon, as trustees, that at my death $5000 is to be paid to the Christian Woman's Board of Missions at Indianapolis and five thousand dollars to be paid to the Board of Church Extension of Kansas City. It is my desire that the provision of ten thousand dollars as assigned above and in the deed of trust be counted as. a part of the fund of six million three hundred thousand dollars under the Men and Millions Movement of the Christian Church.'' The direction of the grantor to keep the deed for the grantees, made in their presence, with the subsequent declaration contained in the certificate showing the grantor's intention that the deed should be effective in connection with other testimony which need not be set forth in detail was amply sufficient to justify the finding of the trial court that the deed was delivered with the intention of vesting title.

[2] But one other point need be noted. The defendants were trustees and were required under the terms of the deed to dispose of the property and to distribute the proceeds to the beneficiaries therein named. The court decreed that the defendants owned the land in fee. Appellant claims that this decree ignored the trust features of the deed. As the plaintiff is not a beneficiary under the trust deed and has no interest in that question, the judgment will not be reversed for that reason. The beneficiaries of the trust will, of course, be entitled to enforce that trust as against the defendants who hold the legal title.

Judgment affirmed.

Waste, J., Myers, J., Kerrigan, J., Lennon, J., Lawlor, J., and Seawell, J., concurred.